22 So.2d 617

### RICH v. STATE.

8 Div. 458.

Court of Appeals of Alabama.

June 19, 1945.

H. T. Foster, of Scottsboro, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. H. Brassell, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of petit larceny.

It appears that some articles of his clothing were sent by one W. H. Battles to a dry cleaning establishment in Scottsboro, Alabama, from his home near Dutton, in Jackson County. These articles of clothing bore marks identifying them as the property of Battles.

They were cleaned, put in a box, and left by the dry cleaning establishment on the side of a road near the mail box of Battles —the prosecuting witness on the trial.

Appellant admitted she took the articles from the place where they were left by the dry cleaning establishment; but claimed that, after effort, she could not locate the owner.

The following principles govern: "First. Lost goods are the subject of larceny, and the place where found is immaterial. The owner is not divested of the right of property by the loss at any place, and has, constructively, the right of possession. Second. In order to stamp the conduct of the finder with larcenous character, the intent to convert them absolutely to his own use must co-exist with the act of finding. If such intent does not exist at the time of the finding, a subsequent concealment or fraudulent appropriation does not constitute larceny. Third. The existence of the criminal intent may be ascertained, like the intent with which any other act is done, by a careful examination of the facts and circumstances preceding, attending, and following the finding. In order to ascertain the original intent, inquiries may be made as to the manner in which the finder conducted himself with the goods, and his present means of knowing or ascertaining the owner. Fourth. Though the taking is not larceny when there are no indicia indicating the owner, and the finder really believes he cannot be found, if at the time of the taking he knew the owner, or had reasonable grounds for believing he could be discovered, it is his legal and moral duty to hold and restore the goods to the rightful owner; and if, under such circumstances, he absolutely appropriates them to his own use, excluding the dominion of the

owner, it is larceny." Allen v. State, 91 Ala. 19, 8 So. 665, 24 Am.St.Rep. 856.

The case was tried by the court sitting without a jury—which is another way of saying sitting as a jury—and, after a careful reading of the testimony—even of that of appellant, alone—it is plain that, in accordance with the principles of law we have quoted above—especially the third—her conviction was amply justified.

The judgment is affirmed.

Affirmed.