33 So.2d 382

## LONG v. STATE.

### 4 Div. 37.

Court of Appeals of Alabama.

Jan. 13, 1948.

W. Perry Calhoun, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

## HARWOOD, Judge.

This appellant was found guilty by a jury in the Circuit Court of Houston County of the offense of Grand Larceny. The evidence introduced by the State tends to show that about 4:30 on the afternoon of 16 December 1946, Miss Cleo Harrell went into Pearlman's store in Dothan to do some shopping. While she was being waited on she laid her pocketbook on a counter and placed a billfold containing $42 in currency, some travellers checks, and other papers on top of the pocketbook. She engaged the clerk of the counter in conversation for two or three minutes, and when she sought the billfold it was gone.

The defendant below, a janitor in the store, was sweeping the floor nearby during this time. A general search ensued for the billfold. Miss Harrell asked the defendant if he had seen the billfold and he replied he had not. The clerk also had the defendant sweep under the counter in an effort to locate the billfold.

During the search the defendant was observed to twice go toward the back of the store where the men's wash room was located. The billfold was later found by the store manager on a shelf in that room.

The defendant did not report to work the day after the above occurred, but went to Pinckard where he was apprehended a day or two later by law enforcement officers. Mr. E. H. Jones, one of these officers, testified that he found the defendant in the "loft" of the house to which he had gone. The defendant claimed he was in a front room of the house when the officers arrested him. According to Mr. Jones the defendant admitted to him on the return trip to Dothan that he had found the billfold in question and had placed it in the washroom.

Testifying in his own behalf the defendant admitted he had found the billfold and had put it in the wash room. His explanation for his actions were that he had not turned the billfold into the office as he feared too many people would claim it, and he wanted to be sure the owner recovered it.

We think that the billfold in this case might well be considered as mislaid property rather than lost property. The distinction between lost goods and mislaid goods is so tenuous however that we will treat the billfold as having been lost rather than mislaid, a conclusion which certainly could not be considered unfavorable to the defendant.

The legal principles concerning larceny of lost property by a finder have been clearly enunciated by the decisions of this State in Griggs v. State, 58 Ala. 425, 29 Am.Rep. 762; Allen v. State, 91 Ala. 19, 8 So. 665, 24 Am.St.Rep. 856, and Rich v. State, 32 Ala.App. 156, 22 So.2d 617. As stated in the Rich case, supra, the following principles govern: " 'First. Lost goods are the subject of larceny, and the place where found is immaterial. The owner is not divested of the right of property by the loss at any place, and has, constructively, the right of possession. Second. In order to stamp the conduct of the finder with larcenous character, the intent to convert them absolutely to his own use must co-exist with the act of finding. If such intent does not exist at the time of the finding, a subsequent concealment or fraudulent appropriation does not constitute larceny. Third. The existence of the criminal intent may be ascertained, like the intent with which any other act is done, by a careful examination of the facts and circumstances preceding, attending, and following the finding. In order to ascertain the original intent, inquiries may be made as to the manner in which the finder conducted himself with the goods, and his present means of knowing or ascertaining the owner. Fourth. Though the taking is not larceny when there are no indicia indicating the owner, and the finder really believes he cannot be found, if at the time of the taking he knew the owner, or had reasonable grounds for believing he could be discovered, it is his legal and moral duty to hold and restore the goods to the rightful owner; and if, under such circumstances, he absolutely appropriates them to his own use, excluding the dominion of the owner, it is larceny.' Allen v. State, 91 Ala. 19, 8 So. 665, 24 Am. St.Rep. 856."

We are clear to the conclusion that under the evidence presented in this case and the above governing principles, that the jury was fully justified in finding the defendant guilty as charged.

In only one instance when objections were interposed by the defendant to questions asked by the solicitor was an exception reserved to the court's ruling, and in the remaining instance the objection, patently without merit, was not interposed until after the question objected to had been answered. Thus nothing is presented to us for review in these rulings.

The first written charge requested by the defendant was affirmative in nature, and properly refused on the evidence of this case.

The remaining three unnumbered written charges requested by the defendant were in our opinion either covered by the very adequate oral charge of the trial court or by other written charges given at the request of the defendant.

In our opinion no error materially affecting the substantial rights of this defendant appears in the record of the trial below. The cause is therefore due to be affirmed, and it is so ordered.

Affirmed.